LEMMON, Judge.
This case involves an accident between a car operated by Isaac Mahoney and a taxicab operated for Morrison Taxicab Service, Inc., in which plaintiff was a passenger. Prior to the present action Mahoney had filed a suit against Morrison, which resulted in a consent judgment for the amount of Mahoney’s damages. When plaintiff filed the present action against Mahoney and Morrison, Mahoney filed a third party demand against Morrison, seeking indemnification for the expense of defending a suit in which Morrison’s sole liability has already been judicially confessed. Plaintiff’s suit was ultimately compromised, but not until Mahoney had incurred attorney’s fees and the expense of depositions and other pre-trial proceedings, and when Mahoney pursued his third party demand for recovery of these items, Morrison filed an exception of no cause of action, contending it had no legal or contractual obligation to furnish Mahoney a defense. The trial court maintained the exception and dismissed the demand, and Mahoney appealed.
Mahoney apparently concedes that in a suit by a guest passenger against a host driver and a third party driver, the motorist found not to be liable generally is not entitled to recover attorney’s fees and other expenses of trial from the motorist found to be liable.[1] The issue Mahoney raises in this appeal is whether this general rule applies when one motorist has judicially confessed liability in an earlier suit by the other motorist.
The problem raised is one inherent in multi-party litigation. Res judicata was not available to Mahoney as a defense to plaintiff’s suit, since C.C. art. 2286 requires identity of parties. Plaintiff had the right to assert her claim against both defendants, and Morrison had the right to have that claim judicially determined. While Morrison’s judicial confession in the earlier suit may have created a judicial estoppel which precluded Morrison from denying its liability or from asserting Mahoney’s liability, Morrison’s confession was not determinative of plaintiff’s claim against Mahoney. Moreover, the fact that Morrison did riot require Mahoney to proceed to judgment in order to recover his damages arising from the accident does not deprive Morrison of the right to require a judicial determination of plaintiff’s damages.
There is simply no contractual or legal basis shown for requiring Morrison to underwrite the cost of Mahoney’s defense or for otherwise allowing Mahoney to recover from Morrison the attorney’s fees and expenses of preparation for litigation incurred because a third party exercised her right to name them both as co-defendants.[2]
*1227 The exception was properly maintained.

AFFIRMED.

. If that is “unfair”, as contended, then even more unfair is the consideration that the completely innocent tort victim, who was merely a passenger in one vehicle, may not recover attorney’s fees and other expense of preparation for trial from the defendant found to be liable.

. We reject plaintiffs argument, citing language in Bewley Furniture Co. v. Maryland Cas. Co., 285 So.2d 216, 219 (La.1973), that “a. party not actually at fault, whose liability results from the fault of others, may recover by way of indemnity from such others”. The Bewiey case held that a party only vicariously liable is entitled to full indemnity, but no such situation is presented in this case.